# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO: 5:08-CR-275-FL

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| DANNY MARCUS COLLINS | ) | |
| | ) | |
| Defendant. | ) | |

_____

This Cause comes before the Court on the Defendant's Motion in Limine. **[DE-19]**. In this motion, the Defendant seeks the exclusion of evidence that the Government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence. The Government has responded **[DE-20]**, and the matter is ripe for disposition. For the reasons set forth below, it is RECOMMENDED that the Defendant's motion be DENIED.

## I.   STATEMENT OF THE CASE

On September 18, 2008, the Defendant was charged in a three-count indictment for the following offenses: 1) possession of a firearm by a felon in violation of 18 U.S.C. §

1

922(g)(1); 2) possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(g)(1); and 3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). **[DE-1]**. Following the return of the indictment, on December 19, 2008, the Government served notice on the Defendant of its Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b). **[DE-18]**. This evidence involves three of the Defendant's prior arrests and a conviction for a drug offense. **[DE-18, pgs. 1-2]**.

## II.   STATEMENT OF THE FACTS

On July 9, 2008, Officer M. Taylor (hereinafter "Officer Taylor"), of the Raleigh Police Department, was traveling on Idlewild Avenue, making a turn onto Lane Street, when he observed three individuals in the road fighting. Once the individuals noticed Officer Taylor's patrol car, two of them dispersed, but one remained at the scene. When Officer Taylor approached this individual, he appeared to be in distress, evidenced by his ripped shirt and heavy breathing. The officer asked the individual if he was okay, but the individual would not respond, and would only look at the other two individuals walking away from the scene. At this time, Officer Taylor saw one of the individuals, the Defendant, bend over and put a small black object underneath the tire of a truck that was parked on the street.

Officer Taylor then approached the Defendant, and asked him why he had been fighting in the road, but the Defendant denied his involvement in the altercation. The officer then conducted a brief pat down search, and detained the Defendant in the back of his patrol car. As the officer went to retrieve the item that he saw the Defendant place underneath the

truck's tire, he observed that it was a handgun. The handgun was loaded with four rounds in the magazine and underneath the handgun were two bags of crack cocaine and one bag of marijuana. Officer Taylor then placed the Defendant under arrest. The defendant had $250 in cash and two cell phones on his person.

## III. ANALYSIS

### A. Federal Rule of Evidence 404(b)

Rule 404 (b) of the Federal Rules of Evidence states:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .
> Fed. R. Evid. 404(b)(2009).

The Fourth Circuit has treated Rule 404(b) as a rule of inclusion. United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). As a result, evidence of a defendant's past crimes, wrongs, or acts is admissible if it satisfies the four-part test set forth in United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). First, the evidence must be relevant to an issue in the case other than the general character of a defendant. Id. "In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." Id. Second, the evidence must be necessary or probative of an essential claim or an element of the offense. Id. Third, the evidence must be reliable. Id. Fourth, "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice. . . ." Id.

In this case, the Government seeks to introduce evidence of the Defendant's three prior arrests and a drug conviction. **[DE-20]**. The first arrest occurred on February 3, 2005, and involved the Defendant's possession of 5.1 grams of crack cocaine, found under his seat in a vehicle that he was driving. **[DE-20, p. 5]**. The Defendant's second arrest occurred on April 23, 2005, and involved the sale of six rocks of crack cocaine from his residence. **[DE-20, p. 5]**. Prior to the April 23, 2005 arrest, an officer personally observed the Defendant sell six rocks of crack cocaine to another individual. **[DE-20, p. 5]**

The third arrest occurred on April 26, 2005, after the Defendant showed a confidential informant a quantity of crack cocaine at his residence. **[DE-20, p. 5]**. At the time of this arrest, the Defendant had ten grams of marijuana and $978 in cash on his person. **[DE-20, p. 5]**. In addition, the Defendant consented to a search of the belongings at his residence. Pursuant to this search, police officers discovered cocaine and a 12-gauge shotgun. **[DE-20, p. 6]**. The officers then sought a search warrant, and once the warrant was obtained, the officers searched the Defendant's residence and discovered 30 grams of crack cocaine, a .40 caliber H & K compact pistol and loaded magazine, two digital scales, and additional ammunition. **[DE-20, p. 6]**. Subsequently, the Defendant was convicted for trafficking in cocaine by possession. **[DE-20, p. 5]**.

The Government asserts that it intends to introduce this evidence to establish intent, access, opportunity, and the absence of mistake. **[DE-20, pgs. 7-12]**. The Defendant challenges the introduction of these arrests and conviction into evidence based on the four-

part test established in Queen. **[DE-19, pgs. 3-7]**.

As an initial matter, the undersigned notes that the Fourth Circuit has routinely upheld the admission of prior drug distribution convictions as well as convictions and evidence relating to the possession of illegal narcotics and firearms when they are introduced to establish intent, access, opportunity and absence of mistake. See, e.g., United States v. McDonald, 211 Fed. Appx. 222, 225 (4th Cir. 2007) (unpublished decision) (upholding admission of evidence of the defendant's prior convictions for drug offenses and unlawful gun possession as relevant to his intent); United States v. Grandos-Arredondo, 173 Fed. Appx. 206, 207-208 (4th Cir. 2006) (unpublished decision) (upholding admission the defendant's past drug arrest because it "demonstrated knowledge and absence of mistake. . . ."); United States v. Ransom, 10 Fed. Appx. 56, 57-58 (4th Cir. 2001) (unpublished decision) (upholding admission of defendant's prior conviction for possession with intent to distribute cocaine in case involving a charged conspiracy to distribute marijuana because it demonstrated knowledge and intent); United States v. Day, No. 99-4056, 2000 U.S. App. LEXIS 22313, at *14-17 (4th Cir. 2000) (unpublished decision) (upholding admission of the defendant's recent prior acts involving similar drug transactions because it established intent); United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004) (upholding admission of past drug transaction because it tended to show the defendant's knowledge of the drug trade and his intent to distribute drugs); United States v. Collins, No. 94-5501, 1995 U.S. App. LEXIS 11855, at *3-5 (4th Cir. 1995) (unpublished decision) (upholding admission of the defendant's prior drug conviction because it established intent to distribute); United

5

States v. King, 768 F.2d 586, 587-88 (4th Cir. 1985) (upholding admission of the defendant's prior drug distribution convictions because they demonstrated knowledge, intent, and absence of mistake). Nonetheless, the Court will now address these elements in turn.

1. **Relevancy**

The Defendant asserts that evidence of his 2005 drug arrests should not be admitted because those arrests are "dissimilar and therefore irrelevant to both of the firearms counts from the instant indictment." **[DE-19, p. 3]**. Conversely, the Government contends that this evidence is "highly relevant" because it demonstrates the Defendant's intent, access, opportunity, and the absence of mistake. **[DE-20, p. 6-7]**.

By pleading not guilty to the charges against him, the Defendant "puts [his] intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." Sanchez, 118 F.3d at 196. The Defendant's three prior arrests are similar to his current charges. Specifically: 1) they all involve the possession and/or sale of crack cocaine; 2) two of the arrests occurred within two blocks of the current charge location[1]; and 3) one of the arrests (and subsequent conviction) involved the constructive possession of firearms while the Defendant was also in possession of crack cocaine. **[DE-20, p. 6]; [DE-20-2]**. As a result, this evidence is relevant to prove the Defendant's criminal intent to possess crack cocaine and a firearm in this case. See McDonald, 211 Fed. Appx. at 225

---

[1] In an exhibit attached to its memorandum, the Government provided an aerial view map highlighting the location where two of the aforementioned arrests took place, as well as the Defendant's arrest for his current charges. **[DE-20-2]**. The map indicates that these three arrests all occurred within a couple of blocks of each other. **[DE-20-2]**.

6

(stating that "[e]vidence that [the defendant] possessed and distributed drugs in the past was clearly relevant to the issue of his intent to do so here"); United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006) (explaining that "[e]vidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent"). Likewise, his prior crimes are also relevant to demonstrate access, opportunity, and the absence of mistake. See Grandos-Arredondo, 173 Fed. Appx. at 208 (upholding the admission of evidence because it demonstrated knowledge and absence of mistake); United States v. Griggs, 241 Fed. Appx. 155, *159 (4th Cir. 2007) (unpublished decision) (concluding that evidence of the defendant's prior illegal firearms possession was admissible under Rule 404(b) because "[t]he similarity of the conduct alleged and the closeness in time of the offenses" demonstrated the defendant's "knowledge, intent, as well as an absence of mistake or accident. . . .").

Accordingly, the Court concludes that the prior arrest evidence is relevant.

**2. Necessary or Probative**

The second prong of Queen requires that "the evidence . . . be necessary or probative of an essential claim or an element of the offense." Queen, 132 F.3d at 997. The Queen court cites with approval Professor Wigmore's definition of what makes evidence probative, "The rules of evidence give trial judges broad discretion in evaluating whether evidence is probative, requiring only a 'plus value' to make it admissible." Id. at 998 (citing *Wigmore on Evidence,* § 29, at 976 (Tillers rev.1983)). Judged by this standard, the evidence is certainly probative. However, the government argues that the evidence is necessary.**[DE-20,**

7

**pgs. 10-11]**. Evidence is considered "necessary" when it is an "essential part of the crimes on trial, or where it furnishes part of the context of the crime." Id. (internal quotation and citation omitted). In this case, the Government has proffered the prior arrest evidence to prove intent, which is an essential element of all three crimes charged. **[DE-20, p. 11]**. In addition, the Government has also proffered this evidence to prove the Defendant's knowledge, absence of mistake, and lack of coincidence. **[DE-20, p. 11]**. The Defendant has alleged that the drugs and the firearm that were discovered at the scene of his arrest were "abandoned property."**[DE-19, p. 5]**. To that end, the prior arrest evidence "furnishes part of the context of the [Defendant's current] crimes" because it proves that he had knowledge of the drugs and the firearm, and also that it was not a coincidence that he possessed these items at the time of his arrest. Queen, 132 F.3d at 998; see also, United States v. King, 768 F.2d 586, 588 (4th Cir. 1985) (per curiam) (concluding that evidence of the defendant's prior convictions was necessary to prove lack of accident or mistake because the evidence demonstrated that the Defendant "intended to distribute drugs and was not an innocent friend . . . caught in the wrong place at the wrong time").

Therefore, the Court concludes that the prior arrest evidence is probative and necessary to this case.

### 3. Reliable

The Fourth Circuit has stated that evidence is considered "reliable" if it allows a jury to "'reasonably conclude that the acts occurred and that the defendant was the actor." United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995) (quoting Huddleston v. United States,

8

485 U.S. 681, 689 (1988)). Although, the Defendant challenges the reliability of the evidence for his April 23, 2005 arrest, because the state court dismissed this charge for lack of probable cause **[DE-19, pgs. 4-5]**, this argument is unpersuasive. The Government indicates that the evidence will consist of a certified judgment and sworn law enforcement testimony. Such testimony is sufficient to allow a jury to "'reasonably conclude that the acts occurred and that the defendant was the actor." Powers, 59 F.3d at 1467 (4th Cir. 1995) (quoting Huddleston, 485 U.S. 689). Accordingly, the Court concludes that the evidence is reliable.

**4. Confusion or unfair prejudice**

Even if prior bad act evidence satisfies the first three prongs of the four-part test, it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995). As discussed above, the Court has already concluded that evidence of the Defendant's prior arrests has probative value. Thus, the Court must now determine whether this probative value is substantially outweighed by the danger of unfair prejudice. Although the Defendant correctly notes that evidence of his prior drug activity is highly prejudicial, it does not involve conduct "any more sensational or disturbing than the crimes with which [he is] charged." Boyd, 53 F.3d at 637. Thus, there is no risk that "the emotions of the jury will be excited to irrational behavior." United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980) (internal quotation and citation omitted). As a result, the evidence is not so unduly prejudicial that it should not be admitted in this case.

9

The Defendant also believes that it "merits note" that the Government did not "specify the intended use of the 404(b) evidence, and instead merely recite[d] the litany of 404(b)'s permissible uses." **[DE-19, p. 6, n. 1]**. The Court disagrees. Specifically, the Fourth Circuit has stated that "[i]n this circuit, unlike others, the trial court is not required to make an explicit statement of the purpose for which the evidence is admitted." United States v. Hernandez, 975 F.2d 1035, 1039 (4th Cir. 1990) (citing Rawle, 845 F.2d at 1247).

Finally, the Defendant argues that evidence of his January 17, 2006, conviction should be excluded because admitting this evidence "would deny him the benefit of the Supreme Court's ruling in Old Chief which held that when a defendant stipulates to the fact of a prior felony conviction in a felon-in-possession case, evidence regarding the nature of that conviction should be excluded." **[DE-19, p. 7, n. 2]** (citing Old Chief v. United States, 519 U.S. 172 (1997)). The Defendant's argument is inapposite. The Fourth Circuit has recognized that "Old Chief does not control a case where the prior conviction evidence is offered to prove an issue which Rule 404(b) specifically permits to be proven by other crimes evidence, assuming the evidence is relevant and subject, of course, to Rule 403 balancing." United States v. Melvin, No. 05-4997, 2007 U.S. App. LEXIS 16794, at *42 (4th Cir. July 13, 2007) (unpublished decision). Therefore, because the Defendant's prior conviction is being offered to prove intent, knowledge, and lack of mistake under Rule 404(b), the Defendant's argument is without merit.

## Conclusion

For the reasons set forth above, it is RECOMMENDED that the Defendant's Motion in

Limine **[DE-19]**, be DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 4th day of February, 2009.

_____
William A. Webb
U.S. Magistrate Judge